PER CURIAM:
The claimant brought this action for damage to her vehicle which occurred upon striking a curb in Charleston, Kanawha County.
The incident giving rise to this claim occurred on June 2, 1997, at approximately 1:00 p.m. The claimant was driving a westbound on Lee Street at the intersection of Brooks Street.
The weather was clear and dry. Lee Street westbound in this area stops at Brooks Street. Westbound traffic must turn right onto Brooks Street. The evidence adduced at hearing was that as the claimant was turning right onto Brooks Street, her vehicle struck a storm drain inlet on the curb, resulting in a flat tire on the rear passenger side. The claimant submitted into evidence a repair bill in the amount of $75.27.
The claimant submitted into evidence a number of photographs indicating that the drain inlet in question was made of steel or iron and concrete with two wheelchair ramps onto each street. The inlet did not appear to be in disrepair, however, the photographs depicted an area where part of the steel plating appeared to have been worn off along the edge. The edge of the inlet itself appeared to be very close to the regularly traveled portion of the intersection.
There are three lanes of traffic on Brooks Street northbound from this intersection. The claimant testified that she attempted to maintain her vehicle in her lane of traffic on the extreme right-hand side. The claimant first filed her claim with the City of Charleston. The claim was denied on the basis that this intersection was maintained by the respondent. The respondent’s position at hearing, however, was that while it was responsible for the traveled portion of the road from curb to curb, that the City of Charleston was responsible for all curbs and sidewalks.
This is an extremely unfortunate situation, and the Court is of the opinion that the claimant has been done a disservice by unwarranted delay through no fault of her own. However, the Court is unable to grant an award against the respondent when the respondent was not responsible for the curb and drain in question. Therefore, in view of the foregoing, the Court is constrained by the evidence to deny the claim.
Claim disallowed.